UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GABRIEL CLARK and LINDA LEE REYNOLDS,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 21-cv-09391-LB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>Re: ECF No. 66 |

## INTRODUCTION

In this lawsuit, the plaintiffs sued their mortgage lender JP Morgan Chase for breach of contract, among other claims. When the plaintiffs filed the initial complaint in the case, they had not paid their mortgage in years, but then they cured their default through a loan modification that seemingly mooted the case. The court dismissed the initial complaint because the plaintiffs did not allege a contract that was breached, their performance, or damages.[1] In their amended complaint, the plaintiffs allege that their lender inflated their mortgage's principal balance and then coerced them into signing a loan modification. Based on these actions, the plaintiffs claim breach of contract, fraud, and unfair business and debt-collection practices, among other claims.[2] Chase

---

[1] Order – ECF No. 63 at 3–4. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See generally* Am. Compl. – ECF No. 64.

ORDER – No. 21-cv-09391-LB

moved to dismiss the amended complaint.[3] The court grants the motion on several grounds: most conduct is barred by the statute of limitations, the plaintiffs entered into a loan modification that correctly reflects their principal balance (including eleven years of unpaid interest and taxes), the economic-loss rule bars the tort claims, and the plaintiffs do not otherwise plausibly plead claims.

## STATEMENT

The plaintiffs are Gabriel Clark and Linda Lee Reynolds. In 2003, they obtained a $350,000 mortgage on their property in Felton, California, from Washington Mutual. In 2008, Chase acquired the mortgage.[4] The plaintiffs missed payments in 2011 and allegedly made a lump-sum payment that year to become current, but then they became in arrears and tried unsuccessfully to obtain a loan modification.[5] Chase recorded a notice of default in February 2012.[6] The plaintiffs filed bankruptcy petitions and received automatic stays.[7] In August 2019, the bankruptcy court granted Chase's motion for relief from the stay and allowed it to begin foreclosure proceedings.[8] Chase rescinded the earlier notice of default and filed a new notice of default in 2020, thereby beginning foreclosure proceedings.[9]

The plaintiffs filed their original complaint in state court on November 4, 2021, and Chase timely removed the case to federal court on December 3, 2021.[10] In April 2022, the parties entered into a loan modification that rolled in eleven years of unpaid interest, taxes, and insurance and set

---

[3] Mot. – ECF No. 66.

[4] Am. Compl. – ECF No. 64 at 3–4 (¶¶ 8–9); Purchase & Assumption Agreement, Ex. E to Req. for Jud. Notice – ECF No. 66-2 at 46. The court judicially notices documents that are either incorporated by reference in the complaint or public records. Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference doctrine).

[5] Am. Compl. – ECF No. 64 at 3–4 (¶¶ 9–11).

[6] *Id.* at 4 (¶ 12); Notice of Default, Ex. G to Req. for Jud. Notice – ECF No. 66-2 at 93–95.

[7] Bankr. Filing, Ex. B to Req. for Jud. Notice – ECF No. 66-2 at 14–16 (summarizing underlying filings).

[8] *Id.* at 15 (in its motion, Chase argued that the plaintiffs' "filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting" the Felton Property); Order, Ex. C to *id.* – ECF No. 66-2 at 21–23.

[9] Notice of Default, Ex. I to *id.* – ECF No. 66-2 at 99–102.

[10] Notice of Removal – ECF No. 1.

the new principal balance at $464,582.81, at four-percent interest, payable over 480 months (forty years).[11] The plaintiffs allege that this is an impermissible $202,587.14 increase in their principal balance.[12] They do not say why. Chase provides an amortization schedule showing the principal balance of $263,019.39 before the plaintiffs' default in October 2011.[13] It is undisputed that after the default in 2011 through the loan modification in 2022 (eleven years in all), the plaintiffs did not pay their loan, the interest on it, taxes, or escrow expenses.[14] Chase points out that the unpaid principal balance of approximately $263,000 would accrue interest of $18,000 a year (at the loan's fixed rate of 6.875 percent) during the eleven years of default.[15] (The point is that as a math problem, based on the mortgage agreement, the numbers add up to the new principal balance.)

The complaint has allegations about the parties' interactions during their business relationship: (1) Chase told the plaintiffs that they did not qualify for a temporary-payment program after the plaintiffs made payments (possibly this was in 2011); (2) Chase refused to convert a trial modification to a permanent modification, insisting on increasing the principal and imposing fees; (3) Chase recorded a notice of default (seemingly in 2020) and the amount in arrears was inaccurate, and then Chase instituted foreclosure proceedings in 2021 despite the plaintiffs' payments; (4) the plaintiffs never received a complete repayment history from 2011 to 2021; and (4) under duress, the plaintiffs agreed to the loan modification, resulting in the roughly $202,000 increase in their principal balance.[16]

The complaint has eleven claims: (1) breach of contract for Chase's failure to provide an accurate payment history from 2011 to 2021 and "[im]properly apply[ing] the plaintiffs'

---

[11] Modification Agreement, Ex. A to Req. for Jud. Notice – ECF No. 66-2 at 2–11.

[12] Am. Compl. – ECF No. 64 at 5 (¶ 14).

[13] Amortization Table, Ex. K to Req. for Jud. Notice – ECF No. 66-2 at 106–09 (summarized in relevant part at Mot. – ECF No. 66 at 13). This analysis is predicated on the terms of the loan (loan amount, interest rate, twenty-year loan, and twelve payments a year). The court can consider this under the incorporation-by-reference doctrine. *Knievel*, 393 F.3d at 1076; Mot. – ECF No. 66 at 13 n. 2 (collecting cases judicially noticing amortization schedules).

[14] Mot. – ECF No. 66 at 14 (making this point); Opp'n – ECF No. 77 at 7 (¶ 20).

[15] Mot. – ECF No. 66 at 14.

[16] Am. Compl. – ECF No. 64 at 4–5 (¶¶ 11–14).

ORDER – No. 21-cv-09391-LB                                   3

payments, illegally adding fees, and wrongfully initiating foreclosure proceedings without proper notice"; (2) unlawful debt-collection practices under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, for "actions and communications . . . that violated" the Act, false statements about the debt, communications at inconvenient times, failure to provide a notice about the right to dispute the debt, and collection efforts without verifying the debt; (3) unlawful debt-collection practices under California's Rosenthal Act, Cal. Civ. Code § 1788.17, for failure to provide "the requested payment history;" (4) recording a notice of default without substantiating it, in violation of Cal. Civ. Code § 2924.17; (5) a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (6) fraud by concealing faulty accounting; (7) negligence; (8) unjust enrichment; (9) negligent misrepresentation in the form of misstatements about the status of the plaintiffs' loan; (10) invasion of privacy; and (11) intentional infliction of emotional distress.[17]

The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[18] The parties do not dispute the court's diversity jurisdiction: the parties are diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The court held a hearing on November 9, 2023.

## STANDARDS OF REVIEW

**1. Rule 12(b)(6)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide

---

[17] *Id.* at 5–12 (¶¶ 16–84).
[18] Consents – ECF Nos. 11, 12.

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

## 2. Rule 9(b)

Fraud allegations elicit a more demanding standard. "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud. . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "The plaintiff must [also] set forth what is false or misleading about a statement, and why it is false." *Id.* (cleaned up). Like the basic "notice pleading" demands of Rule 8, a driving concern behind Rule 9(b) is that defendants be given fair notice of the charges against them. *In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and

not just deny that they have done anything wrong.") (cleaned up); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer").

### 3. Leave to Amend

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *see Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th Cir. 2017) (leave to amend may be appropriate if the plaintiff "identifie[s] how she would articulate a cognizable legal theory if given the opportunity").

## ANALYSIS

The plaintiffs do not plausibly plead claims.

First, the plaintiffs signed a loan modification. As summarized in the Statement, the math supports the principal balance.

Second, the exhibits attached to the complaint establish that the communications with Chase were in 2011 and 2012. Any claims tethered to these communications are barred by the statute of limitations. There are no allegations of misconduct within the statutes of limitations: four years for the breach-of-contract claim, Cal. Civ. Proc. Code § 337, and shorter periods for the other claims.[19]

---

[19] Mot. – ECF No. 66 at 17 n.3 (summarizing the statutes of limitations: one year for the Fair Debt Collection Practices Act and Rosenthal Act claims, 15 U.S.C. § 1692k(d) & Cal. Civ. Code § 1788.30(f); three years for the Cal. Civ. Code § 2924.17 claim, Cal. Civ. Proc. Code § 338(a); four years for the UCL claim, Cal. Bus. & Prof. Code § 17208; three years for fraud and unjust enrichment, Cal. Civ. Proc. Code § 338(d); and two years for negligence, intentional infliction of emotional distress, and invasion of privacy, Cal. Civ. Proc. Code § 335.1).

Third, the economic-loss rules seemingly bars the tort claims: the plaintiffs cannot recover for money damages that result from a breach of contract unless there is a violation of some independent duty that arises in tort. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The plaintiffs do not allege any facts supporting claims that are independent from the contract claim. *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022) (mortgage lender has no independent duty to borrower to process, review, and respond carefully to borrower's loan-modification request). The complaint has no fact allegations supporting a claim of fraud in the inducement of the modification.

Fourth, even if there were a breach-of-contract claim within the statute of limitations, no term in the modification agreement required Chase to provide a payment history.[20] Also, the plaintiffs attach a payment history to the complaint. Chase points out that the full payment history is through July 2019.[21] And, as in the earlier complaint, the plaintiffs do not allege their performance and in fact do not dispute that for eleven years, they did not pay the mortgage, interest, or taxes.[22] The resulting principal amount reflects the amounts in arrears. That means that the plaintiffs did not plausibly plead damages. And for the reasons Chase advances, the quasi-contract claim for unjust enrichment fails because the parties' express contract covers the same subject matter.[23]

Fifth, foreclosing on a mortgage is not an unfair debt-collection practice, for the reasons that Chase advances.[24]

Sixth, the only remedy for a violation of Cal. Civ. Code § 2924.17 is an injunction. Cal. Civ. Code § 2924.19; *Hinrichsen v. Bank of Am., N.A.*, No. 17-cv-0219 DMS (RBB), 2017 WL 2992662, at *5 (S.D. Cal. July 14, 2017). There was no foreclosure. This claim is moot.

---

[20] Modification Agreement, Ex. A to Req. for Jud. Notice – ECF No. 66-2 at 2–7.

[21] Payment History, Ex. 4 to Am. Compl. – ECF No. 64-4; Mot. – ECF No. 66 at 21.

[22] *See supra* Statement.

[23] Mot. – ECF No. 66 at 27 (there is no quasi-contract claim when there is a valid, express contract between the parties covering the same subject matter) (citing *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1057 (N.D. Cal. 2021) (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).

[24] *Id.* at 20–21; Reply – ECF No. 78 at 5–6.

Seventh, the UCL claim is predicated on other claims and thus fails.

Eighth, the complaint has no allegations supporting claims for invasion of privacy or intentional infliction of emotional distress.[25]

Finally, and in sum, the complaint has no fact allegations supporting the claims. The exhibits to the complaint also are inconsistent with the theories of liability asserted in the complaint. The opposition is cursory and has no legal analysis. The plaintiffs do not plausibly plead claims.

## CONCLUSION

The court previously gave leave to amend the contract claim. The amended complaint adds no new allegations. The court thus dismisses that claim with prejudice, which means that the quasi-contract claim of unjust enrichment is dismissed with prejudice too. There is no viable claim under Cal. Civ. Code § 2924.17, and that claim is dismissed with prejudice.

The plaintiffs can amend the remaining claims within twenty-eight days and must attach a blackline compare of the amended complaint against the current complaint. As the court said at the hearing, continuing with the case may not be the best use of the plaintiffs' resources. If the plaintiffs do not amend their complaint, then the court will enter judgment in favor of the defendant, which will allow an appeal.

This resolves ECF No. 66.

**IT IS SO ORDERED.**

Dated: November 10, 2023

LAUREL BEELER
United States Magistrate Judge

---

[25] *See* Mot. – ECF No. 66 at 28–30 (setting forth the legal standards to plead the claims).